UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNIE JONES,

       Petitioner,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,

       Respondent.

Case No. 1:05-cv-110

Honorable David W. McKeague

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.        Factual allegations

Petitioner Johnie Jones presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Correctional Facility. On April 7, 1977, the Wayne County Circuit Court imposed the following sentences: (1) a concurrent term of 15 to 25 years on one count of armed robbery, MICH. COMP. LAWS § 750.529; (2) a concurrent term of 13 to 25 years on a second count of armed robbery, MICH. COMP. LAWS § 750.529[1]; (3) a consecutive term of 2 years on one count of possession of a firearm during the commission of the second armed robbery offense, MICH. COMP. LAWS § 750.227b; and a concurrent term of 1 to 2 years on one count of entering without breaking, MICH. COMP. LAWS § 750.111. Subsequently, on December 13, 1985, Petitioner was sentenced to a term of 3 to 5 years on one count of furnishing or possessing a weapon in prison, MICH. COMP. LAWS § 800.283, to be served consecutively to all terms for which Petitioner then was incarcerated.

On March 8, 1979, an order terminating the entering-without-breaking offense was entered. On July 11, 1997, Petitioner's first armed robbery offense was terminated. However, his second armed robbery offense, linked to the felony-firearm offense, was not terminated.

Petitioner does not seek to challenge his underlying offenses. Instead, he asserts that the MDOC improperly failed to terminate his second armed robbery offense on July 11, 1997. Based on an unknown process for calculation, Petitioner contends that, had the second armed robbery conviction been terminated as required, his maximum release date would have been calculated as

---

[1] The first armed robbery was committed on July 7, 1976, and the second armed robbery was committed on February 15, 1977.

July 11, 2004. Instead, his maximum release date currently is calculated to be November 10, 2005.

In his sole ground for habeas relief, Petitioner challenges the failure of the July 11, 1997 certificate of discharge to include the second armed robbery offense.

### II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the allegations contained in the petition, Petitioner's claim of improper sentence execution and calculation has never been raised in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. Petitioner may raise his claim in a state-court action for habeas corpus to challenge the calculation of his sentence by the Michigan Department of Corrections. *See* MICH. CT. R. 3.303; *Ryan v. Mich. Dep't of Corr.*, 672 N.W.2d 535 (Mich. Ct. App. 2003) (considering challenge to calculation of sentence on appeal from trial court's grant of habeas corpus relief). His claim therefore is not exhausted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under

Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order consistent with this Opinion will be entered.


Dated:  May 27, 2005                                         /s/   David W. McKeague
                                                            David W. McKeague
                                                            United States District Judge